UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEROY STORIE, | ) | 1:06-cv-01796-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS |
| v. | ) | |
| | ) | |
| M. KRAMER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant federal petition for writ of habeas corpus was filed on December 7, 2006. A preliminary review of the Petition, however, reveals that the petition may be untimely.

DISCUSSION

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

///

1

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed on December 7, 2006, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on February 9, 2001 and sentencved on

March 13, 2001. (Doc. 1, p. 1). Petitioner indicated that he filed a direct appeal of his conviction; however, the California Court of Appeal for the Fifth Appellate District ("5th DCA") denied the appeal on February 26, 2002.[1] Petitioner does not allege in the petition that he then filed a Petition for Review in the California Supreme Court, instead indicating "NA" at the appropriate place in the form petition. The Court understands Petitioner to have indicated "not applicable" as to this point, and indeed the Court has been unable to find any reference to such a Notice of Appeal in the California Supreme Court in the state court's database. Thus, direct review would have concluded and Petitioner's conviction would have become final forty days after the California Court of Appeal filed its opinion on February 26, 2002. See Cal. Rules of Court, rules 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). That date would be April 7, 2002.

Petitioner would then have one year from that date, or until April 7, 2003, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. The petition in this case was filed on December 7, 2006, over three and one-half years *after* the limitations period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, his petition is untimely and must be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846

---

[1] Petitioner does not indicate the date on which the 5th DCA denied his appeal. However, the Court has access to the California Courts' electronic database and has determined the appropriate dates for Petitioner's appeal. If Petitioner has information that contradicts the dates contained in the state courts' database, he should present that information in his response to this Order to Show Cause.

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See, id.

1 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

Moreover, a petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

Here, Petitioner alleges that he filed a habeas petition in the Kern County Superior Court on December 7, 2001, before Petitioner's direct appeal became final.  (Doc. 1, p. 3; p. 58).  Petitioner does not indicate when the Kern County Superior Court denied that petition.  Petitioner also alleges that he exhausted his claims by filing a state habeas petition in the California Supreme Court.  (Doc. 1).  Petitioner does not indicate when he filed that petition, or when it was denied, or whether he had previously filed other habeas petitions in the lower state courts; rather, Petitioner appends his own copy of the habeas petition, which is not file-stamped by the state supreme court.  However, the Court's review of the state court electronic database indicates that Petitioner filed the habeas petition in the California Supreme Court on November 10, 2005, that he filed an amended petition on or about May 17, 2006, and that the supreme court denied the petition on August 23, 2006.

As mentioned, however, the limitations period expired on April 7, 2003, some two and one-half years *before* Petitioner filed a state habeas petition in the California Supreme Court.  Because the limitations period appeared to expire before he filed his state habeas petitions, he would not be entitled to statutory tolling.  Green, 223 F.3d at 1003.  Based on the information currently before the Court, it appears that, unless the petition filed in the Kern County Superior Court remained pending

from its filing on December 7, 2001, until November 10, 2004 (one year prior to Petitioner filing his state habeas petition in the California Supreme Court), the one-year statute of limitations would have expired and the instant petition would be untimely.

Of course, it may be the case that Petitioner filed additional state habeas petitions that would entitle him to statutory tolling but that Petitioner has simply neglected to inform the Court of that fact. Accordingly, Petitioner will be permitted the opportunity in his response to the Court's Order to Show Cause to provide further information regarding the dates during which any state habeas petitions were pending, including the dates of filing, the courts in which the petitions were filed, the issues raised, and the dates of decision. Petitioner should include in his response copies of any state petitions he has filed as well as the state court's decisions on those petitions.

D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner does not contend that equitable tolling applies here.

**ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

///

///

5

1       Petitioner is forewarned that his failure to comply with this order may result in Findings and Recommendations recommending that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated: **January 7, 2008**                 **/s/ Theresa A. Goldner**
                                                           UNITED STATES MAGISTRATE JUDGE