UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEROY STORIE, | ) | 1:06-cv-01796-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR STAY OF PROCEEDINGS (Doc. 11) |
| v. | ) | |
| | ) | |
| M. KRAMER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 7, 2006, the petition was filed. (Doc. 1). On May 15, 2007, Petitioner filed the instant motion for stay, contending that he had filed a state habeas petition in the Kern County Superior Court based on the United States Supreme Court's decision in Cunningham v. California, __U.S.__, 127 S.Ct. 856 (2007). (Doc. 11, p. 1). Petitioner requested a stay pending a decision by the Kern County Superior Court on his petition. Alternatively, Petitioner requested that the Court "just not issue an order to show cause for at least 60 more days to see the outcome of the states [sic] decision of the habeas, at which time petitioner will inform the District Court of the statutes [sic] of the state petition." (Id. at p. 1).

On January 7, 2008, the Court issued an Order to Show Cause why the petition should not be dismissed for violating the one-year statute of limitations contained in 28 U.S.C. § 2254(d). (Doc. 12). The Court's preliminary screening of the petition indicated that the petition, in all likelihood,

1

1   had been filed three and one-half years late. However, the Court could not substantiate certain dates
2   relating to the filing and denial of petitions filed by Petitioner in the Kern County Superior Court.
3   Thus, the Court ordered Petitioner to provide that information. (Doc. 12). Petitioner filed a response
4   to the Order to Show Cause, indicating his efforts to timely file his petition, but providing no new
5   information regarding the dates of filing and denial of any habeas petitions in the Superior Court for
6   the County of Kern. Thus, without further information to determine whether the petition was timely,
7   the Court discharged the Order to Show Cause and ordered Respondent to file an answer to the
8   petition.
9         At this time, it is obvious that far more than sixty days have passed since the filing of
10  Petitioner's motion for stay; however, Petitioner has yet to advise the Court of the status of that
11  petition, or, indeed, whether he has made any further efforts to exhaust that issue in the California
12  Court of Appeal and the California Supreme Court. Thus, the Court will deny the motion for stay on
13  the grounds that Petitioner has been effectively given the sixty day delay in proceedings that he had
14  requested.
15        However, the motion must also be denied on its merits. Traditionally, a district court has had
16  the discretion to stay a petition which it may validly consider on the merits. Calderon v. United
17  States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d
18  1268, 1274 (9th Cir. 1997). However, the Ninth Circuit has held that Taylor in no way granted
19  "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988
20  n. 11. Granting a stay is appropriate where there is no intention on the part of the petitioner to delay
21  or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated
22  that it is proper for a district court, in its discretion, to hold a petition containing only exhausted
23  claims in abeyance in order to permit the petitioner to return to state court to exhaust his state
24  remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2003), overruled in part by Robbins v.
25  Carey, 481 F.3d 1143, 1148-1149 (9th Cir. 2007); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir.
26  2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2001); Taylor, 134 F.3d 981.
27  ///
28

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982). However, in Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the United States Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 275-277.

The Supreme Court noted that the procedure should be "available only in limited circumstances." 544 U.S. at 277. Specifically, the Court said it was appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d at 1149. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

Here, Petitioner wishes to exhaust his Cunningham claim in state court. However, Petitioner cannot meet the second prong of the Rhines test, i.e., that his claim is not plainly meritless, because Cunningham has not been applied retroactively to habeas petitioners whose convictions became final before Cunningham. See Jordan v. Evans, 2007 WL 2703118, at *21 (S.D. Cal., Sept. 14, 2007); Beyett v. Yates (2007 WL 2600745, at *2 (N.D. Cal. Sept. 10, 2007); Zimmeth v. Hernandez, 2007 WL 2556771, at *9 (S.D. Cal. Sept. 4, 2007); Lopez v. Campbell, 2007 WL 2500424, at *3) (E.D. Cal. Aug. 30, 2007); Marquez v. Evans, 2007 WL 2406867, at *9 (N.D. Cal. Aug. 20, 2007); Bouie v. Kramer, 2007 WL 2070330, at *3 (E.D. Cal. July 13, 2007); Fennen v. Nakayema, 494 F.Supp. 2d 1148, 1155 (E.D. Cal. 2007); Rosales v. Horel, 2007 WL 1852186 (S.D. Cal., June 26, 2007);

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Salerno v. Schriro, 2007 WL 2153584 (D.Ariz., July 24, 2007).  Here, Petitioner's conviction became final on April 7, 2002, long before Cunningham was decided on January 22, 2007; thus, Cunningham would be inapplicable to Petitioner's case.

That courts have consistently held Cunningham to be inapplicable on collateral review should not be surprising.  Courts have similarly held the cases from which Cunningham is derived, i.e., Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004); and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), to be non-retroactive as well.  United States v. Sanchez-Cervantes, 282 F.3d 664, 666-667 (9th Cir. 2002)(Apprendi); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005)(Blakely); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005)(Booker).

Thus, applying the Rhines standards, the Court concludes that it must deny Petitioner's motion for stay because, in the absence of any retroactive application of Cunningham to Petitioner's case, there is no possibility that a habeas claim based on Cunningham would have any merit.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 11), is DENIED.

IT IS SO ORDERED.

Dated:   **February 14, 2008**               /s/ **Theresa A. Goldner**
                                        UNITED STATES MAGISTRATE JUDGE