UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEROY STORIE, | ) | 1:06-cv-01796-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT RESPONDENT'S MOTION |
| v. | ) | TO DISMISS PETITION (Doc. 20) |
| | ) | |
| | ) | ORDER DIRECTING THAT OBJECTIONS |
| M. KRAMER, Warden, | ) | BE FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition for writ of habeas corpus was filed on December 7, 2006. (Doc. 1) On January 7, 2008, the Court issued an order to show cause why the petition should not be dismissed as untimely. (Doc. 12). On February 6, 2008, Petitioner filed his response to the order to show cause, contending that he suffered from macular degeneration and medical problems confining him to a wheelchair and that, as a layman, he was ignorant of the law. (Doc. 14). On February 14, 2008, unable to make any findings regarding timeliness because of deficiencies in the record, the Court discharged the order to show cause and ordered Respondent to file a response. (Doc. 15). On April 14, 2008, Respondent filed the instant motion to dismiss, contending that the petition was untimely. (Doc. 20). On April 30, 2008, Petitioner filed another response to the order to show cause (Doc. 22), and on May 9, 2008, he filed his opposition to the motion to dismiss. (Doc. 23). In these filings,

1

Petitioner asks that the two documents be considered in conjunction with each other.  (Docs. 22 & 23).   Respondent filed a response to the two filings on July 9, 2008.  (Doc. 28).

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

On April 14, 2008, Respondent filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period.  Because Respondent's motion is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059 (1997).  Because this action commenced in 2006, the instant petition is subject to the AEDPA limitation period.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on February 9, 2001 and sentenced on March 13, 2001 to a determinate term of twenty-two years. (Doc. 1, p. 1; Doc. 19, Lodged Documents ("LD") 1). On February 26, 2002, California Court of Appeal for the Fifth Appellate District ("5th DCA") denied the appeal. (LD 2). Petitioner does not allege, and there is no evidence to establish, that he ever filed a petition for review in the California Supreme Court. Thus, direct review would have concluded and Petitioner's conviction would have become final forty days after the California Court of Appeal filed its opinion on February 26, 2002. See Cal. Rules of Court, Rules 8.500(e)(1); 8.264(b)(1); Cal. Civ. Proc. Code § 12a; Smith v. Duncan, 297 F.3d 809, 812-813 (9th Cir. 2002), abrogation on other grounds recognized by Moreno v. Harrison, 245 Fed.Appx. 606 (9th Cir. 2007)(citing prior Rules 24(a), 28(b), 45(a)). That date would be April 7, 2002.

Petitioner would then have one year from the following day, April 8, 2002, or until April 7, 2003, absent applicable tolling, within which to file his federal petition for writ of habeas corpus.

The petition in this case was filed on December 7, 2006, over three and one-half years *after* the limitations period expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling, his petition is untimely and must be dismissed.

   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

   1.  Statutory Tolling - Standards

  Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003)(internal quotation marks and citations omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

  Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S. Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

### 2. Petitioner's Filings

Here, the documents filed by Respondent indicate that Petitioner filed the following state habeas proceedings: (1) filed in the Kern County Superior Court on December 7, 2001, and denied on December 24, 2001 (LD 3, 4); (2) filed in the 5th DCA on January 27, 2003 and denied on January 30, 2003 (LD 5, 6); (3) filed in the 5th DCA on February 6, 2004 and denied on May 27, 2004 (LD 7, 8); (4) filed in the California Supreme Court on November 10, 2005 and denied on August 23, 2006 (LD 9, 10); and (5) filed in the Kern County Superior Court on February 28, 2007 and still pending as of April 14, 2008. (LD 11).

#### (a) First Petition

The first state petition was filed and denied prior to the commencement of the AEDPA's one-year limitation period and, accordingly, had no tolling effect. See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), abrogated on other grounds by Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999) (state collateral action filed before commencement of limitations period does not toll limitation period), affirmed, 531 U.S. 4.  Although it may seem self-evident, a properly filed state petition cannot toll a limitation period that, as is the case here, has not even commenced to run.  This is necessarily so because the period of pendency of the state petition, which defines the amount of tolling, and the period of the statute of limitation do not intersect or overlap at any point.  Thus, the first petition had no tolling implications for Petitioner.

#### (b) Second and Third Petitions

Respondent contends that the excessive delay in filing the second petition requires a finding that Petitioner is not entitled to statutory tolling for the interval between the denial of his first petition on December 24, 2001 and the filing of his second petition on January 27, 2003. Respondent is correct that the Court is charged both with making an independent determination regarding the reasonableness of the delay and with determining whether a petitioner is entitled to interval tolling. Evans v. Chavis, 549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether

the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'").

However, Evans does not involve a situation where, as here, the first petition was denied prior to the commencement of the statute of limitation. If a petitioner is not entitled to statutory tolling for a petition because it is filed and denied prior to the commencement of the one-year period, it seems problematic to refuse interval tolling where he waits until after the one-year period commences to file his second petition, even when that means that the interval between the denial of the first petition and the filing of the second petition would, under other circumstances, result in a finding that the delay was unreasonable under Evans.

Fortunately, however, the Court need not make an express ruling regarding Petitioner's entitlement to interval tolling between the second and third petitions because, even assuming, arguendo, that he is, the petition would still be untimely. Assuming, for the sake of argument, that Petitioner is entitled to statutory tolling through the date the second petition was denied by the 5th DCA on January 30, 2003, he then waited over a year, until February 6, 2004, to file his third petition.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans, 549 U.S.189, the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S. at 198. However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)); see also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and

the denial of the previous petition.  Bonner, 425 F.3d at 1148-1149.

However, if the state court did not expressly deny the habeas petition(s) as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state court collateral review were filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198.  If so, then the state petition was properly filed and Petitioner is entitled to interval tolling.[1]

In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201.  After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable.  Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent. However, a consensus appears to be emerging in California that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable.  Compare Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D. Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D. Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D. Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D. Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D. Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans").  Moreover, even when the delay "significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent

---

[1] Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

7

petition is substantially rewritten.  E.g., Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court of Appeal).

(c) Excessive Delay and No Statutory Tolling Between Rounds

Here, the delay between the denial of the second petition on January 30, 2003 and the filing of the third petition on February 6, 2004, was over one year, a period far exceeding the thirty to sixty days referenced by the U.S. Supreme Court in Evans and well outside the range of what district courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for California inmates.  Evans, 546 U.S. at 198.  Accordingly, Petitioner is not entitled to interval tolling between the second and third petitions.  Thus, under the "best case" scenario for Petitioner, the statute of limitations would have commenced on January 31, 2003, and would have expired one year later on January 30, 2004, some seven days before Petitioner filed his third petition.

Additionally, the interval prior to the third petition is not entitled to statutory tolling because that petition is not filed in the next highest state court.  As discussed supra, an application is pending during the time that "a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez, 340 F. 3d at 819; see Evans, 546 U.S. at 193-194; see Carey v. Saffold, 536 U.S. at 222-226; see also, Nino v. Galaza, 183 F.3d at 1006.

In Delhomme, 340 F.3d at 820, the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system.  See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas petitions.  Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)(no tolling once California Supreme Court denied review).  Here, the second petition was filed in the 5th DCA, as was the third.  Thus, Petitioner was

8

not proceeding to the next higher level in the state court system and thus interval tolling is not permitted.

Thus, both because of the excessive delay and because Petitioner was not proceeding "up the ladder" in state court, the interval between the second and third petitions is not entitled to tolling, which makes the petition untimely. Accordingly, under either Respondent's view or the view most favorable to Petitioner, the petition is untimely using normal statutory tolling provisions. Thus, unless Petitioner is entitled to equitable tolling, the petition should be dismissed.

### D. Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1063, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

#### 1. Petitioner's Claims

Here, Petitioner, without using the rubric of "equitable tolling," nevertheless raises various claims that the Court construes as a request to apply equitable tolling principles to Petitioner in order to make the petition timely. The Court finds that Petitioner has failed to make the requisite showing of entitlement to equitable tolling.

In his filing of April 30, 2008, Petitioner does not make any express claims of equitable tolling. He references his age, i.e., 72 years old, and cites various case authority on equitable tolling, but does not raise a specific basis for entitlement to equitable tolling. By contrast, in Petitioner's response of May 9, 2008, he raises the following claims for equitable tolling: (1) that he is a disabled

person suffering from vision impairment and that Respondent was not "in compliance with the provisions of the Americans With Disabilities Act" such that Petitioner could access legal materials in the prison law library; and (2) that the frequent movement of Petitioner from prison to prison delayed his ability to prepare his federal petition. (Doc. 23, pp. 1-2). In support of these claims, Petitioner appended two state forms–one a request by Petitioner, dated January 6, 2008, to receive special accommodation due to his vision impairment that precludes him from seeing the numbers on his state-issued combination lock, and the other by Respondent, dated March 7, 2008, denying his request for a key lock. (Doc. 23, attachs.). Additionally, in various pleadings, Petitioner has contended that he is a layman and unskilled in the legal system.

2. No Equitable Tolling

Petitioner's claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Nor does the fact that a petitioner is transferred to another prison facility. Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay.")

Petitioner's claims are common to virtually all prisoners eligible to file federal petitions, and do not entitle him to equitable tolling. Hence, permitting equitable tolling under such circumstances would essentially eviscerate equitable tolling because every prisoner would be entitled to make such claims. To the contrary, equitable tolling, as mentioned, is limited to the diligent petitioner who has been prevented from timely filing his petition due to extraordinary circumstance beyond the petitioner's control, not due to the everyday facts of prison life. Pace, 544 U.S. at 418.

Moreover, not only were these circumstances not "extraordinary," but the Court also finds that Petitioner was not diligent in preparing his federal petition. A petitioner who fails to act

diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723 (1984); see also, Miles v. Prunty, 187 F.3d at 1107.  The unreasonable delay found by the Court between the denial of Petitioner's second state petition and the filing of his third state petition undercuts any claim Petitioner could make of acting diligently.

Petitioner also fails to establish his entitlement to equitable tolling based on his claim of being a handicapped person.  The only evidence Petitioner provides regarding his medical condition are the previously mentioned form he submitted in January 2008 requesting a key lock and the form he received in March 2008 denying that request.  Neither of those documents provides any information regarding the nature of Petitioner's visual impairment or the degree to which it might affect an inmate preparing a federal habeas petition.  Most significantly, it provides no information about the status of such a visual impairment *during the operative period when the one-year statute of limitations could have been running, i.e., between April 2002 and, potentially, February 6, 2004.* That is the time period when Petitioner should have been preparing his federal petition and it is the operative period during which any medical condition that affected his ability to prepare such a petition could have entitled him to equitable tolling upon substantial proof of both the impairment and its affect on his preparation of the instant petition.

Respondent, however, has provided evidence from Petitioner's prison medical records that are probative of the status of Petitioner's medical impairment during the period in question.   Those document establish that Petitioner may have had a vision problem as far back as 1995, pre-dating the offense in this case, but that it has been controlled reasonably well through the use of eyeglasses, medication, and special accommodations by Respondent, including a lower bunk, a safety vest, and restricting Petitioner to relatively level walking areas.  (LD 12-17).

Those records also establish that Petitioner was moved from High Desert State Prison to Folsom State Prison on September 27, 2005, after the one-year period expired, and after Petitioner had successfully prepared and filed three of his five state habeas petitions.  (LD 19).  During this time period when Petitioner was incarcerated at High Desert State Prison, Petitioner has access to an Optelec magnifier, which increases the font size of written texts, as well as a Galileo magnifier,

which scans text and then reads the information back to the user in audio format. (LD 21). Thus, even if Petitioner had suffered from serious visual disability during the running of the one-year limitation period that actually impaired his ability to prepare legal documents, he nevertheless had access to devices that would have enabled him to compensate for his disability by accessing the legal materials in the law library of the prison in which he was incarcerated.

Moreover, as Respondent correctly argues, Petitioner filed three of his five state habeas petitions while incarcerated at High Desert State Prison during the running of the limitation period and even *after* the limitation period had expired. Physical disabilities alone do not warrant equitable tolling where other evidence shows that petitioner could still have filed a timely federal petition. See Gaston v. Palmer, 417 F.3d at 1034-1035 (petitioner not entitled to equitable tolling based upon physical disabilities since he prepared and filed a state habeas petition while suffering from the alleged disabilities). If, as Petitioner maintains, his visual impairment was an extraordinary circumstance beyond his control that prevented him from preparing a timely federal petition, that does not explain how he could have successfully prepared three state habeas petitions during the same time period while impaired with the same vision problems.

Nor has Petitioner shown that his transfers from one prison to another impacted his ability to timely file a federal petition. The only transfer to which Petitioner was subject that could have possibly affected the filing of the instant petition was his transfer from High Desert State Prison to Folsom State Prison on September 27, 2005.[2] At that point, the one-year limitation period had already expired. In other words, Petitioner's claim that the transfer(s) affected his ability to prepare his federal petition is unsubstantiated.

In order to claim the benefit of equitable tolling, it is Petitioner's burden to establish it. Smith v. Duncan, 297 F.3d at 814; Tholmer v. Harrison, 2005 WL 3144089 (E.D.Cal. Nov. 22, 2005), *1; see Hinton v. Pacific Enterprises, 5 F.3d 391, 395 (9th Cir. 1993)(party seeking tolling bears the burden of alleging facts which would give rise to tolling); see also Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003)(petitioner's conclusory equitable tolling claim is without merit when

---

[2] Petitioner was subsequently transferred from Folsom State Prison to the Substance Abuse Treatment Facility on December 27, 2007, after he had filed the instant petition. (LD 19). Thus, coming after the filing of the instant petition, that transfer could not possibly have impacted his ability to file his federal petition.

petitioner provided no information, such as medical records, necessary to properly address the equitable tolling issue). He has not done so in this case. Accordingly, the Court concludes that the petition is untimely and should be dismissed.

### RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 20), be GRANTED and the petition for writ of habeas corpus be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. **Petitioner and Respondent are forewarned that no extensions of time to file objections or replies will be granted.** The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 5, 2009**                    /s/ Theresa A. Goldner
                                        UNITED STATES MAGISTRATE JUDGE