# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY STORIE,<br><br>          Petitioner,<br><br>   v.<br><br>M. KRAMER, Warden,<br><br>          Respondent. | 1:06-cv-01796 AWI-TAG HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 30)<br><br>ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 20)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On February 6, 2009, the Magistrate Judge assigned to the case filed findings and recommendations recommending that Respondent's motion to dismiss petition for writ of habeas corpus (Doc. 20) be granted and that the petition for writ of habeas corpus be dismissed for failure to comply with 28 U.S.C. § 2254(d)'s one year limitation period. (Doc. 30). The findings and recommendations were served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order. On February 25, 2009, Petitioner filed objections to the findings and recommendations. (Doc. 31).

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's

objections, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. In the objections, Petitioner again asserts he is entitled equitable tolling. The Court agrees with the Magistrate Judge that Petitioner's medical condition, lack of knowledge in the law, and lack of legal resources do not entitle Petitioner to equitable tolling. In addition, the lack of legal assistance, by either another inmate or outside counsel, is generally insufficient to justify tolling the statute of limitations. See Hughes v. Idaho Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). Petitioner is only entitled to a reasonably adequate opportunity to present his claims to the courts, see Lewis v. Casey, 518 U.S. 343 (1996), not to the assistance of someone trained in thelaw. Id. at 356& 360.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Courts' determination that the petition was filed outside the one year statute of limitations and Petitioner is not entitled to equitable tolling debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 6, 2009 (Doc. 30), are ADOPTED IN FULL;
2. Respondent's motion to dismiss (Doc. 20), is GRANTED;
3. This petition for writ of habeas corpus (Doc. 1), is DISMISSED;
4. The Clerk of Court is directed to close the file; and
5. The Court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 30, 2009**              /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE